IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

TENNEYSON BENDER, #153 601     *

    Plaintiff,     *

    v.     *     2:09-CV-789-ID
                                                       (WO)
CHIEF POLICE A.D. BAYLOR, MPD,    *
*et al.*,
    Defendants.     *

_____

**ORDER**

This case is presently pending before the court on a complaint filed by Tenneyson Bender, an inmate incarcerated at the Draper Correctional Facility. A thorough review of this complaint indicates that Plaintiff names the Chief of the Montgomery Police Department, Mayor Todd Strange, and Warden Levan Thomas as defendants. The complaint, however, fails to identify those individuals involved in the subject matter of his complaint, *i.e.,* excessive force by tazer and canine attack. *See Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 694 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.").

Plaintiff is advised that the *Federal Rules of Civil Procedure* do not provide for fictitious party practice as it is incompatible with federal procedure. *See* Rule 10(a) ("[i]n the complaint, the title of the action shall include the names of all the parties . . ."); *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 at n.1 (11th Cir. 1997) (fictitious party practice not permitted in federal court and plaintiff's failure to name parties required that court strike parties.); *Watson v. Unipress*, 733 F.2d 1386, 1388 (10th Cir. 1984) (plaintiff did not amend her complaint with identities of unknown defendants, and, therefore, no one directly involved in incident was named as defendant.). In light of the foregoing, the court deems it appropriate to require Plaintiff to file an amendment to his complaint before further proceedings are conducted.

Accordingly, it is

ORDERED that on or before **October 8, 2009** Plaintiff shall amend his complaint to provide the following additional factual information:

1. Specifically identify who the named defendants are;

2. Identify specific claims relative to ***actions taken against him*** by the named defendants and list these claims in separate counts;

3. Describe with clarity those factual allegations that are material to each specific count against the named defendant(s); and

4. Describe how each named defendant violated ***his*** constitutional rights.

Plaintiff is hereby advised that the amendment to his complaint must set forth short and plain statements showing why he is entitled to relief and be specific enough to put each defendant on notice of how their conduct allegedly violated Plaintiffs' constitutional rights and should contain only claims relative to actions taken against him by the named defendants. Each allegation in the pleading should be simple, concise and direct. *See* Rule 8, *Federal Rules of Civil Procedure*. Plaintiff is further advised that his failure to timely and properly comply with the directives contained in this order will result in a Recommendation that this action be dismissed.

Done, this 23rd day of September 2009.

        /s / Charles S. Coody
        CHARLES S. COODY
        UNITED STATES MAGISTRATE JUDGE